**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY HERSON; EAST BAY OUTDOORS, INC., a California corporation, | No. 11-18028 |
| Plaintiffs - Appellants, | D.C. No. 4:09-cv-02516-PJH |
| v. | MEMORANDUM* |
| CITY OF RICHMOND, a charter city, | |
| Defendant - Appellee. | |

On Remand From the United States Supreme Court

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Jeffrey Herson and East Bay Outdoors, Inc. (collectively "Herson") appeal the district court's orders dismissing their various claims. We affirm.

1.  The district court addressed Herson's claims challenging the repealed version of the Richmond Sign Code ("Old Ordinance") in two separate orders. First, the district court dismissed as moot Herson's claims seeking declaratory and

---

*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

injunctive relief from the Old Ordinance, but left intact Herson's damages claim for the denial of his sign applications. The court did not err in dismissing the declaratory and injunctive claims as moot, because the repealed Old Ordinance could no longer be enforced against him. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900-01 (9th Cir. 2007). Thus, "there exist[ed] no live issue upon which the court could issue prospective relief." *Id*. at 901. Subsequently, the district court granted the City's motion for summary judgment on Herson's damages claim. Because Herson's proposed signs violated the content-neutral height and size restrictions of the Old Ordinance, the City had an independent, constitutionally valid reason for denying Herson's applications.[1] *See Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 893-95 (9th Cir. 2007). Therefore, Herson lacks standing to challenge the allegedly

---

[1]The district court's analysis, in determining that the height and size restriction of the Old Ordinance was content neutral, complies with the Supreme Court's recent opinion in *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015). The district court first reasoned that the applicable restriction "does not discriminate, on its face, between the content of speech." *Herson v. City of Richmond*, 827 F. Supp. 2d 1088, 1091 (N.D. Cal. 2011). The district court then determined that the restriction was "narrowly tailored to serve a compelling City interest." *Id.* Herson's challenges to the restriction's exemptions were waived when he failed to address the district court's conclusion that these challenges fell outside the scope of the Third Amended Complaint.

2

unconstitutional portions of the Old Ordinance, because his injury is not redressable. *See id*. at 894.

2. On appeal, Herson argues that the exemptions in Richmond Municipal Code § 15.06 (the "Current Ordinance") were content based and that strict scrutiny should apply in making the summary judgment determination. However, the court questions the relevance of Herson's arguments here. The district court treated the exemptions as content based and applied strict scrutiny. When applying strict scrutiny, the district court found that the exemptions were constitutional, because they were the least restrictive means to achieve a compelling state interest. Because Herson did not argue on appeal that the court erred in its strict scrutiny analysis, he has waived that argument. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1547-48 (9th Cir. 1988).

3. The district court did not err in dismissing Herson's equal protection claim. Herson failed to present facts to the district court that could support the conclusion that either the City of Richmond or Ruby Benjamin, the city employee who denied Herson's applications, "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Herson provided proof that other signs had been allowed in the prohibited area. However,

3

even when taken in a light most favorable to Herson, there is no evidence that Herson was similarly situated to the owners of those signs or that he was intentionally treated differently by the City.

4. Finally, the district court did not err in granting the City's motion for sanctions. Courts may impose monetary sanctions in the amount of extra discovery costs caused by spoliation, including the cost of the sanctions motion. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). An appellate court must not "disturb the district court's choice of sanction" absent a "definite and firm conviction that the district court committed a clear error of judgment." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 422 (9th Cir. 2011) (internal quotation marks omitted). Here, we find no clear error. Neither party claims that the district court applied the wrong law. Further, the Order Re Motion for Sanctions of August 11, 2011, adopted by the district court, shows that the district court carefully examined and weighed the facts of the case in determining Herson's liability and the amount of the sanctions.

**AFFIRMED.**